IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(At Greenbelt)

| | | |
|---|---|---|
| **In re:** | : | |
| **DONALD J. SPARGO** | : | Bankruptcy No. 15-10678-WIL |
| | : | Chapter 13 |
| Debtor. | : | |

___

| | | |
|---|---|---|
| **DONALD J. SPARGO** | : | Adv. No.: |
| 12107 Brandywine Road | | |
| Brandywine, Maryland 20613 | : | |
| Plaintiff, | : | |
| v. | : | |
| **WELLS FARGO BANK, N.A.** | : | |
| 2701 Wells Fargo Way | | |
| Minneapolis, MN 55467 | : | |
| and | : | |
| **NANCY SPENCER GRIGSBY** | : | |
| **CHAPTER 13 TRUSTEE,** | | |
| 4201 Mitchellville Road | : | |
| Suite 401 | | |
| Bowie, Maryland 20716 | : | |
| Defendants. | : | |

___

### COMPLAINT TO DETERMINE APPLICABILITY OF
### STATUS OF LIENS AGAINST DEBTOR'S PROPERTY

___

The Plaintiff, Donald J. Spargo ("Mr. Spargo"), by and through its attorneys, Daniel J. Collins and Collins Law, LLC, files this Complaint to Determine the Status of Liens Against the Debtor's Property and in support thereof, states the following:

1. This Adversary Proceeding is a core proceeding.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(K) and Bankr. Rule 7001, et seq.

3. The Plaintiff, Donald J. Spargo, is an adult resident of Prince George's County Maryland, owner of 12107 Brandywine Road, Brandywine, Maryland 20613 and the Chapter 13 Debtor in this case.

4. Wells Fargo is the current holder of the Deed of Trust described below. Wells Fargo is a banking association that may possess an interest in the real property and improvements commonly known as 12107 Brandywine Road, Brandywine, Maryland 20613 ("Subject Property").

5. The Defendant, Nancy L. Spencer Grigsby is the Chapter 13 Trustee of the Debtor in the above-captioned Chapter 13 bankruptcy case.

## FACTS

6. In 1982 the Subject Property was deeded by Mr. Spargo and Carolyn M. Spargo to Spargo Enterprises Corp., Inc. by deed recorded in the land records of Prince George's County Maryland at Liber 5623, folio 87 (the "Spargo Enterprises Deed"). A true and accurate copy of the Spargo Enterprises Deed is attached hereto as **Exhibit A** and is incorporated herein through reference. The Spargo Enterprises Deed contains approximately **one acre of land**.

7. Prior to February 28, 2005, Mr. Spargo was contacted by Wells Fargo's predecessor in interest, World Savings Bank, FSB, through a solicitation for a mortgage loan.

8. Thereafter, due to the solicitation and on or about February 28, 2005 Mr. Spargo

obtained a loan from Wells Fargo's predecessor in interest, World Savings Bank, FSB, in the amount of $360,000.00.

9. World Savings Bank, FSB agreed to give Mr. Spargo the requested loan in the amount of $360,000.00 but only if title to the Subject Property were first conveyed to Mr. Spargo from Spargo Enterprises Corp., Inc.

10. On or about February 28, 2005 Spargo Enterprises Corp, Inc. executed a deed to transfer the Subject Property to Mr. Spargo. At that same time, a deed of trust dated February 28, 2005 was executed by Mr. Spargo in favor of World Savings Bank, FSB in exchange for the $360,000.00 loan.

11. For reasons unknown both the original deed and deed of trust executed on February 28, 2005 were lost and never recorded. A copy of the February 28, 2005 deed executed by Spargo Enterprises Corp, Inc. to transfer the Subject Property to Mr. Spargo exists ("2005 Deed"). A true and accurate copy of the 2005 Deed[1] is attached hereto as **Exhibit B** and is incorporated herein through reference.

12. Over two years later and on or about November 19, 2007, World Savings Bank, FSB filed a Complaint for Equitable Relief in the Circuit Court for Prince George's County Maryland (Case Number CAE07-31403 entitled *World Savings Bank, FSB v. Donald J. Spargo, Jr. and Spargo Enterprises Corp., Inc.*) ("2007 Lawsuit"). The purpose of the 2007 Lawsuit was to fix the failure to record the 2005 Deed and February 2005 deed of trust concerning the Subject Property and $360,000.00 mortgage loan. A true and accurate copy of 2007 Lawsuit is attached hereto as **Exhibit C** and is incorporated herein through reference.

---

[1] **The 2005 Deed includes a liber and folio number because it was included as an exhibit to a deed and deed of trust later recorded and described within this motion.**

3

13. Paragraph 1 of the 2007 Lawsuit identifies the real property that is the subject of the 2007 Lawsuit as "property located at 12107 Brandywine Road, Brandywine, Prince Georges County, Maryland 20613, as more particularly described in the deed dated December 15, 1982 from Donald J. Spargo and Carolyn M. Spargo to Spargo Enterprises Corp., Inc. and recorded in the land records of Prince George's County, Maryland at liber 5623, folio 87". The Property identified in the 2007 Lawsuit is the same property involved in the Spargo Enterprises Deed attached hereto as **Exhibit A**.

14. In December 2007 World Savings Bank, FSB amended the 2007 Lawsuit. A true and accurate copy of the amended 2007 Lawsuit is attached hereto as **Exhibit D** and is incorporated herein through referenced. **Exhibit D** again identifies the Subject Property and references the Spargo Enterprises Deed to further identify the Subject Property that is the subject of that suit. **Exhibit D** adds language to allege the defendants in the 2007 Lawsuit agreed to re-execute the deed and deed of trust if those documents included errors.

15. On or about June 2008, Mr. Spargo voluntarily agreed to settle the 2007 Lawsuit and agreed to sign replacement documents on behalf of Spargo Enterprises Corp., Inc. and himself.

16. As part of that agreement to cooperate, on or about July 1, 2008 a new deed was executed by Spargo Enterprises Corp., Inc. to transfer the Subject Property to Mr. Spargo. This deed was not prepared by Mr. Spargo. The title given to this deed by the preparing attorney was "Special Warranty Deed". The Special Warranty Deed was thereafter recorded among the Land Records of Prince George's County Maryland on November 12, 2008 in Liber 30136, folio 343. A true and accurate copy of the Special Warranty Deed is attached hereto as **Exhibit E** and is incorporated herein through reference.

17. As part of that agreement to cooperate, on or about July 1, 2008, Mr. Spargo re-executed the February 28, 2005 deed of trust in favor of World Savings Bank, FSB ("WSB DOT"). The WSB DOT was thereafter recorded among the Land Records of Prince George's County Maryland immediately after the Special Warranty Deed in Liber 30136, folio 356. A true and accurate copy of the WSB DOT is attached hereto as **Exhibit F** and is incorporated herein through reference.

18. Upon review of the Special Warranty Deed and the WSB DOT it is clear the real property concerning those documents is in excess of the Subject Property involved in the original February 28, 2005 loan transaction between Mr. Spargo and World Savings Bank, FSB and also includes property owned by persons not involved in the transaction.

19. Upon review of the Special Warranty Deed and the WSB DOT it is clear the real property concerning those documents is in excess of the Subject Property involved in the 2007 Lawsuit and also includes property owned by other persons.

20. The additional property included in the Special Warranty Deed and WSB DOT pertains to another property previously owned by Spargo Enterprises Corp., Inc. more particularly described in a deed dated December 15, 1982 and recorded among the Land Records of Prince George's County Maryland in Liber 5624, folio 167 ("Additional Property Deed"). The exact legal description found within the Additional Property Deed is found in the Special Warranty Deed and WSB DOT. A true and accurate copy of the Additional Property Deed is attached hereto as **Exhibit G** and is incorporated herein through reference.

21. A title issue exists as to whether or not any lien of Wells Fargo wrongfully encumbers more property than it should.

22. By review of the 2005 Deed's legal description it is clear only a .9 acre parcel was described.

23. By review of the Special Warranty Deed's legal descriptions it is clear two parcels of land are described.  Parcel 1 of the Special Warranty Deed is the correct .9 acres from the 2005 Deed.  Parcel 2 of the Special Warranty Deed describes a parcel of land previously subdivided by Mr. Spargo in 1986 which has been known as Spargo's Seclusion since 1986.  A copy of Spargo's Seclusion plat is attached hereto as **Exhibit H** and is incorporated herein through reference.

24. Four lots were created by Spargo's Seclusion as well as an outlot and other areas still owned by Mr. Spargo.

25. A question exists as to why Wells Fargo secured itself against the property contained in Parcel 2 of the Special Warranty Deed, especially since Mr. Spargo or Spargo Enterprises Corp., Inc. has not owned portions of that parcel since the 1980s.

26. Lots 1-4 of Spargo's Seclusion were sold by Spargo Enterprises Corp., Inc. in the 1980s and have been owned by other persons since that time, well in advance of the February 2005 deed of trust and transaction.  Attached hereto and marked as **Exhibits I, J and K** are copies of the recorded deeds from the 1980s for lots 2, 3, and 4, all of which involve Spargo's Seclusion and the same property described in the Additional Property Deed.

27. Mr. Spargo files this Adversary Proceeding to seek clarification of what property, if any, Wells Fargo holds a lien against due to the WSB DOT.

### COUNT I
(Declaratory Judgment)

The Plaintiff, Donald J. Spargo, incorporates by reference each and every allegation

6

contained in paragraphs 1 through 27 as if fully stated herein at length and alleges further:

28. Mr. Spargo is the owner of the Subject Property.

29. The Land Records for Prince George's County Maryland indicate Wells Fargo may hold a lien against the Subject Property and additional property without consideration or justification.

30. Disputes exist as to the rights, duties, obligations and/or liabilities of the parties to the WSB DOT.

31. Actual controversies of justiciable issues exist between the parties to this case within the jurisdiction of this Court involving the rights and liabilities of the parties named in this case.

32. Antagonistic claims are present between the parties and these claims indicate imminent and inevitable litigation.

33. A declaratory judgment by this Court will terminate the controversies between the parties.

34. This Court should exercise its equitable powers to declare that the WSB DOT does not secure the property described therein.

WHEREFORE, the Plaintiff, Donald J. Spargo, respectfully requests that this Honorable Court:

    A. Determine and adjudicate the ownership interests of the Subject Property and liens and priorities of those liens on and against the Subject Property.

    B. Determine and adjudicate the rights and liabilities of the parties with respect to the WSB DOT;

                                      Respectfully submitted,

                                      COLLINS LAW, LLC

DATED: JUNE 19, 2015        By:___/s/_____
                                      Daniel J. Collins
                                      P.O. Box 1966
                                      Annapolis, Maryland 21404
                                      (410) 990-1720
                                      (410) 990-1724 (fax)
                                      dcollins@thecollinslawfirm.com
                                      *Attorneys for Plaintiff*